UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN KENNETH DAVIDSON,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>: Civil No.  CIV-19-1153-PRW<br>:<br>:<br>:<br>:<br>: |

# COMPLAINT

Plaintiff United States Securities and Exchange Commission (the "Commission"), for its Complaint against Defendant John Kenneth Davidson, alleges as follows:

## SUMMARY

1. This action involves insider trading by Defendant John Kenneth Davidson.

2. Sometime on or shortly before May 15, 2014, Davidson learned material, nonpublic information from his personal friend and neighbor who served on the board of directors of Covidien PLC (the "Director"). The Director informed Davidson that Covidien was in advanced negotiations to be acquired by Medtronic PLC, but emphasized that Davidson should not trade on this information.

3. Ignoring the Director's warning, and without informing the Director, Davidson purchased 1,250 Covidien shares on May 15, 2014.[1] By trading on this information, in breach of his relationship of trust and confidence with the Director, Davidson engaged in illicit insider

---

[1] Defendant Davidson entered into a series of tolling agreements that extended any applicable statute of limitations to cover conduct that occurred in May 2014.

trading. When the Covidien acquisition was announced to the public in mid-June 2014, the price of Covidien stock rose, and Davidson generated approximately $19,000 in ill-gotten gains.

4. By engaging in the conduct described above, Davidson violated Section 10(b) of the Securities Exchange Act of 1934 [*15 U.S.C. § 78j(b)*] and Rule 10b-5 thereunder [*17 C.F.R. § 240.10b-5*], and unless restrained and enjoined will continue to do so. Accordingly, the Commission seeks a Final Judgment enjoining Davidson from future violations of these same provisions of law; ordering Davidson to disgorge his ill-gotten gains together with prejudgment interest; and ordering Davidson to pay a civil monetary penalty.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to Sections 21(d), 21(e), 21A, and 27 of the Exchange Act [*15 U.S.C. §§ 78u(d), 78u(e), 78u-1, and 78aa*].

6. Venue in this district is proper pursuant to Section 27(a) of the Exchange Act [*15 U.S.C. §§ 78aa(a)*]. Certain of the purchases and sales of securities and acts, practices, transactions, and courses of business alleged in this Complaint occurred within the Western District of Oklahoma, and were effected, directly or indirectly, by making use of the means, instruments or instrumentalities of transportation or communication in interstate commerce, or of the mails, or the facilities of national securities exchanges. Specifically, as described in this complaint, Davidson purchased Covidien securities and participated in relevant communications in this District. Davidson's primary residence is also in this District.

## DEFENDANTS

7. **Defendant John Kenneth "Ken" Davidson**, age 67, is a resident of Oklahoma City, Oklahoma. He was a long-time employee of a major oil and gas public company, and is

currently the CEO of a consulting company in the oil and gas industry. Davidson also owns certain private limited liability companies related to the cattle and oil and gas industries.

## OTHER RELEVANT PERSONS AND ENTITIES

8.  **The Director** is a resident of Oklahoma City, Oklahoma. He is a former public company CEO and COO. During the relevant time period, he served on the boards of numerous public companies, including Covidien.

9.  **Covidien PLC** was an Irish global health care products company and manufacturer of medical devices and supplies. It was headquartered in Dublin, Ireland. At the time of the relevant trading, Covidien's securities publicly traded in the United States on the New York Stock Exchange.

10. **Medtronic PLC** is the world's largest medical device company.

## FACTS

11. As a member of the Covidien board, the Director first learned of the company's potential acquisition by Medtronic on March 20, 2014. Throughout the negotiation process, Covidien's CEO regularly reached out to the Director to ask for advice and to update him on the progress of negotiations.

12. In April or May 2014, the Director told Davidson about the potential acquisition of Covidien by Medtronic. The Director trusted Davidson with this information based on their close personal relationship, which included the sharing of confidential personal and business information. When the Director provided the material, nonpublic information regarding the Covidien-Medtronic merger to Davidson, he insisted that Davidson not trade on it. Davidson agreed that he would not trade.

13.  Despite this assurance and while aware of the information that the Director had shared with him regarding the merger, Davidson purchased 1,250 shares of Covidien stock. Davidson did not tell the Director that he had purchased shares of Covidien.

14.  Davidson knew that he had agreed not to trade on the information and that the Director had provided it to him in the context of their relationship of trust and confidence. Moreover, Davidson was a sophisticated and successful businessman and a close friend and confidante of the Director. Davidson knew or was reckless in not knowing that he had a duty of trust and confidence to the Director not to trade on the material, nonpublic information.

15.  On the evening of Sunday, June 15, 2014, Covidien and Medtronic issued a press release announcing that Medtronic would acquire Covidien at approximately $93.22 per Covidien share. This was a 29% premium above the current market price. On June 16, the first trading day after the announcement, Covidien stock traded on volume of more than 68 million shares, compared to an average daily trading volume of approximately 1.3 million shares.

16.  Davidson's insider trading in shares of Covidien resulted in $19,212 in ill-gotten profits.

## FIRST CLAIM FOR RELIEF

**Violations of Exchange Act Section 10(b) and Rule 10b-5 Thereunder**

17.  The Commission realleges and incorporates by reference each and every allegation in paragraphs 1 through 16, inclusive, as if fully set forth herein.

18.  Davidson knew, or was reckless in not knowing, that the information he acquired concerning the potential Covidien merger was material, nonpublic information.

19.  Davidson also knew, or was reckless in not knowing, that he owed a duty of trust and confidence to his close friend the Director, when the Director shared the material, nonpublic information.

20. By purchasing Covidien stock after learning of the potential merger, Davidson misappropriated material, nonpublic information for securities trading purposes, in breach of a duty of trust and confidence he owed the Director.

21. By reason of the actions alleged herein, Davidson violated Section 10(b) of the Exchange Act [*15 U.S.C. § 78j(b)*] and Rule 10b-5 thereunder [*17 C.F.R. § 240.10b-5*], and unless restrained and enjoined will continue to do so.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court enter a Final Judgment:

### I.

Finding that Defendant violated the provisions of the federal securities laws as alleged herein;

### II.

Permanently restraining and enjoining Defendant from, directly or indirectly, engaging in conduct in violation of Section 10(b) of the Exchange Act [*15 U.S.C. § 78j(b)*] and Rule 10b-5 thereunder [*17 C.F.R. § 240.10b-5*];

### III.

Ordering Defendant to disgorge, with prejudgment interest, all ill-gotten gains as alleged herein;

### IV.

Ordering Defendant to pay a civil penalty pursuant to Section 21A of the Exchange Act [*15 U.S.C. § 78u-1*]; and

## V.

Granting such other and further relief as this Court may deem just, equitable, or necessary.

Dated: December 12, 2019

Respectfully submitted,

*/s/* Daniel J. Maher

Daniel J. Maher (Mass. Bar 654711)
Carolyn Welshhans
Michael Brennan
Matthew Reilly
*Counsel for Plaintiff*
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549
Tel:  (202) 551-4737 (Maher)
maherd@sec.gov